# EXHIBIT A

**SUMMONS - CIVIL**
JD-CV-1 Rev. 2-22
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a, 52-48, 52-259;
P.B. §§ 3-1 through 3-21, 8-1, 10-13

For information on ADA accommodations, contact a court clerk or go to: www.jud.ct.gov/ADA.

STATE OF CONNECTICUT
**SUPERIOR COURT**
www.jud.ct.gov



Instructions are on page 2.

- [ ] Select if amount, legal interest, or property in demand, not including interest and costs, is LESS than $2,500.
- [X] Select if amount, legal interest, or property in demand, not including interest and costs, is $2,500 or MORE.
- [ ] Select if claiming other relief in addition to, or in place of, money or damages.

**TO: Any proper officer**
By authority of the State of Connecticut, you are hereby commanded to make due and legal service of this summons and attached complaint.

| Address of court clerk (Number, street, town and zip code) | Telephone number of clerk | Return Date (Must be a Tuesday) |
|---|---|---|
| 1061 Main Street, Bridgeport, CT 06604 | (203) 579 – 6527 | 06/28/2022 |

| [X] Judicial District / [ ] Housing Session | G.A. Number: | At (City/Town): of Fairfield at Bridgeport | Case type code: Major: M  Minor: 90 |
|---|---|---|---|

**For the plaintiff(s) enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented | Juris number |
|---|---|
| Omnia Law, LLC 115 Technology Drive, Ste A303, Trumbull, CT 06611 | 439670 |

| Telephone number | Signature of plaintiff (if self-represented) |
|---|---|
| (203) 880 – 5999 | |

The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book.   [X] Yes  [ ] No

E-mail address for delivery of papers under Section 10-13 of the Connecticut Practice Book (if agreed): info@gmail.com

| Parties | Name (Last, First, Middle Initial) and address of each party | |
|---|---|---|
| First plaintiff | Name: Randolph Namin  Address: 770 Fish Rock Road, Southbury, CT 06488 | P-01 |
| Additional plaintiff | Name:  Address: | P-02 |
| First defendant | Name: Broadridge Financial Solutions, Inc. / its agent: Carol J. Faherty, Esq.  Address: 5 Lakota Drive, Ste 300, Lake Success, NY 11042 / One Landmark Square, Ste 1800, Stamford, CT 06901 | D-01 |
| Additional defendant | Name:  Address: | D-02 |
| Additional defendant | Name:  Address: | D-03 |
| Additional defendant | Name:  Address: | D-04 |

Total number of plaintiffs: 1    Total number of defendants: 1    [ ] Form JD-CV-2 attached for additional parties

*A True & Attested Copy*
*Kenneth Lombardi*
*Connecticut State Marshal*
*Fairfield County*

**Notice to each defendant**

1. **You are being sued.** This is a summons in a lawsuit. The complaint attached states the claims the plaintiff is making against you.
2. To receive further notices, you or your attorney must file an *Appearance* (form JD-CL-12) with the clerk at the address above. Generally, it must be filed on or before the second day after the Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to appear.
3. If you or your attorney do not file an *Appearance* on time, a default judgment may be entered against you. You can get an *Appearance* form at the court address above, or on-line at https://jud.ct.gov/webforms/.
4. If you believe that you have insurance that may cover the claim being made against you in this lawsuit, you should immediately contact your insurance representative. Other actions you may take are described in the Connecticut Practice Book, which may be found in a superior court law library or on-line at https://www.jud.ct.gov/pb.htm.
5. If you have questions about the summons and complaint, you should talk to an attorney. **The court staff is not allowed to give advice on legal matters.**

| Date | Signed (Sign and select proper box) | [X] Commissioner of Superior Court  [ ] Clerk | Name of person signing: Prerna Rao, Esq. |
|---|---|---|---|
| 05/17/2022 | | | |

**If this summons is signed by a Clerk:**
a. The signing has been done so that the plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the plaintiff(s) to ensure that service is made in the manner provided by law.
c. The court staff is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this summons at the request of the plaintiff(s) is not responsible in any way for any errors or omissions in the summons, any allegations contained in the complaint, or the service of the summons or complaint.

For Court Use Only — File Date

| I certify I have read and understand the above: | Signed (Self-represented plaintiff) | Date | Docket Number |
|---|---|---|---|
| | | | |

RETURN DATE: JUNE 28, 2022 : SUPERIOR COURT

RANDOLPH NAMIN : J.D. OF FAIRFIELD

VS. : AT BRIDGEPORT

BROADRIDGE FINANCIAL SOLUTIONS, INC. : MAY 17, 2022

## COMPLAINT

### PARTIES

1. The Plaintiff, Randolph Namin, currently resides in Southbury, Connecticut and was a resident there at the time of events referred to in this Complaint.

2. The Defendant, Broadridge Financial Solutions, Inc., is a corporation organized and existing under the laws of the State of Delaware, with offices in various locations and states, including Connecticut.

### EXHAUSTION OF ADMINISTRATIVE REMEDIES

3. On or about August 6, 2021, Plaintiff filed his complaint with the Connecticut Commission on Human Rights and Opportunities ("CHRO"), alleging discrimination, constructive discharge, and failure to promote on the basis of race.

4. The CHRO complaint was timely filed.

5. The CHRO issued a Release of Jurisdiction on February 17, 2022.

6. This action has commenced within ninety (90) days from the date of said Release of Jurisdiction.

### FACTS

7. Plaintiff is an Asian-American individual.

8. Plaintiff was the Vice President of Enterprise Solutions of a company called Fi360 when it was acquired in October of 2019 by the Defendant. After the acquisition, Plaintiff's department merged into a department called Matrix Fi360.

9. Prior to and after the acquisition, Plaintiff worked remotely from his residence in Connecticut as Vice President of Enterprise Solutions.

10. Defendant employs over 10,000 people. Plaintiff was the only Asian-American employee within the sales division of the Matrix Fi360 department.

11. Prior to acquisition by the Defendant, Plaintiff initiated and spearheaded data aggregation and business intelligence cloud-based solutions, helping to grow sales at substantial rates. The growth of Fi360's revenue was primarily driven by Plaintiff's actions and contributions.

12. After acquisition, Plaintiff's role as Senior Director was in business development and to serve as a subject matter expert for Defendant's services and products.

13. Plaintiff was recognized for his work, work ethic, and leadership within the team which had transitioned with him.

14. However, outside of his team, Plaintiff was repeatedly overlooked when it came time to credit his work and ideas. There were multiple instances where he brought ideas for improvement or progress for his department, and those ideas were ignored, only later to be implemented by other individuals who received credit for his work.

15. Plaintiff started to suspect that being the only Asian-American in the sales division was relevant to how his contributions were perceived by the Defendant.

16. This pattern culminated in being completely disregarded for a promotion for which Plaintiff was most qualified, specifically on the basis of his race, and under circumstances which did not comport with the expected procedures and policies held out by Defendant.

17. Around September or October of 2020, Defendant circulated an announcement that Plaintiff's immediate supervisor, Matthew Wolenwicz, was resigning from his position of Vice President, Product Sales.

18. After learning about this news, Plaintiff immediately considered applying for the position. He spoke to other individuals in his department who all agreed that, based on his experience, qualifications, and expertise with their department's products and services, that he was the best fit for the job of VP of Product Sales.

19. He then spoke to an individual in Human Resources about how to apply for the position, and was informed that the only way to apply for the position was through Smart Recruiters, a platform utilized by Defendant for internal and lateral hiring.

20. Plaintiff promptly utilized this platform to submit his application for the position.

21. Thereafter, during a conversation with another supervisor, John Keegan, Senior VP of Product Sales, Plaintiff learned that an individual named Dara Vogelman had been hired for the position. Ms. Vogelman was an internal hire from another department in the company who had no experience with the objectives or goals of Plaintiff's department.

22. Ms. Vogelman was not qualified for the job. For her first four or five months in her new position, Plaintiff had to educate her on the pertinent financial products, major clients, products and services, the positioning of such products and services, and helped her understand their network and relationships. Such meetings were typically held remotely about once per week.

23. Further, despite her position, she was unable to provide the Plaintiff with any meaningful guidance on their department or his role therein, as she was unfamiliar with the department objectives when she started in her position.

24. Plaintiff learned during these conversations that despite the vacancy of this supervisor position being announced on Smart Recruiters as the sole way to apply for the position, she was asked to fill the role directly by John Keegan who knew her personally and sought her out for the position.

25. Additionally, while she was still learning about their department, their department was not able to grow the business, and they lost out on many opportunities for sales and growth. This department also lost the ability to use that time for product development and enhancements for our existing clients, who were expecting these services from them and did not receive them in time. It was abundantly clear to the Plaintiff that he was overlooked for a promotion that he was qualified for, in favor of someone who was not qualified for that particular job.

26. As a result, Plaintiff felt he had no choice but to resign. Even then, he was treated unfairly on the basis of race and/or ethnicity. Two non-Asian employees who resigned before Plaintiff received their full variable compensation upon resignation. However, when Plaintiff submitted his resignation, he was asked to leave earlier than his notice period and he was not paid his variable compensation.

27. Plaintiff was discriminated against due to his race or ethnicity while employed with Defendant and in particular when being overlooked for a promotion. He was also not given the same compensation upon resignation as non-Asian employees.

28. The Defendant, by its actions and adverse treatment of the Plaintiff, discriminated against the Plaintiff on the basis of race, in violation of Connecticut General Statutes § 46a-60, *et seq.*

29. As a result of the Defendant's discrimination against the Plaintiff, Plaintiff has suffered future economic loss, and past and future mental and emotional distress.

THE PLAINTIFF

BY: _____

Prerna Rao, Esq.
OMNIA LAW, LLC
115 Technology Drive
Suite A303
Trumbull, CT 06611
(203) 880-5999
Juris No: 439670

A True & Attested Copy

Kenneth Lombardi
Connecticut State Marshal
Fairfield County

RETURN DATE: JUNE 28, 2022 : SUPERIOR COURT

RANDOLPH NAMIN : J.D. OF FAIRFIELD

VS. : AT BRIDGEPORT

BROADRIDGE FINANCIAL SOLUTIONS, INC. : MAY 17, 2022

## CLAIMS FOR RELIEF

WHEREFORE, the Plaintiff claims the following:

a. An award of past and/or future economic damages;
b. An award of past and/or future compensatory damages for mental and/or emotional harm;
c. An award of reasonable attorney's fees and costs;
d. An award of prejudgment interest on his economic loss;
e. An award of punitive damages; and/or
f. Such other relief as this Court deems just and proper.

THE PLAINTIFF

BY: _____

Prerna Rao, Esq.
OMNIA LAW, LLC
115 Technology Drive
Suite A303
Trumbull, CT 06611
(203) 880-5999
Juris No: 439670

A True & Attested Copy
Kenneth Lombardi
Connecticut State Marshal
Fairfield County

| | | |
|---|---|---|
| RETURN DATE: JUNE 28, 2022 | : | SUPERIOR COURT |
| RANDOLPH NAMIN | : | J.D. OF FAIRFIELD |
| VS. | : | AT BRIDGEPORT |
| BROADRIDGE FINANCIAL SOLUTIONS, INC. | : | MAY 17, 2022 |

## STATEMENT OF AMOUNT IN DEMAND

The amount of demand, exclusive of interest and costs, is in excess of Fifteen Thousand Dollars ($15,000).

THE PLAINTIFF

BY: _____

Prerna Rao, Esq.
OMNIA LAW, LLC
115 Technology Drive
Suite A303
Trumbull, CT 06611
(203) 880-5999
Juris No: 439670

A True & Attested Copy
Kenneth Lombardi
Connecticut State Marshal
Fairfield County