UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Randolph Namin, | Civil No. 3:22-cv-749 (RNC) |
| Plaintiff, | |
| v. | |
| Broadridge Financial Solutions, Inc., | July 17, 2023 |
| Defendant. | |

**RULING ON PENDING MOTIONS (ECF Nos. 45, 49)**

The plaintiff, Randolph Namin ("Namin"), has filed a "motion for extension of time" in this employment discrimination case, seeking to extend the discovery deadline from July 1, 2023 to August 1, 2023. ("Discovery Motion," ECF No. 45.) The defendant, Broadridge Financial Solutions, Inc. ("Broadridge"), opposed the motion, and Namin filed a reply. (ECF Nos. 47, 48.) Broadridge then asserted that Namin did not strictly confine his reply to a discussion of matters raised in the opposition, and it sought leave to file a sur-reply. ("Sur-Reply Motion," ECF No. 49.) For the following reasons, Namin's Discovery Motion will be DENIED, and Broadridge's Sur-Reply Motion will be DENIED as moot.

1. **The Discovery Motion**

Although Namin has styled his Discovery Motion as a motion for extension of time under D. Conn. L. Civ. R. 7(b), courts in the Second Circuit construe such motions as motions to amend the scheduling order pursuant to Fed. R. Civ. P. 16. "Where the date that the movant seeks to extend is one that the Court was required to set under Fed. R. Civ. P. 16(b)(3)(A), the motion is ordinarily governed by Rule 16," not Local Rule 7(b). *Pal v. Cipolla*, No. 3:18-cv-616 (MPS) (TOF), 2020 WL 564230, at *3 (D. Conn. Feb. 5, 2020); *see also Carpenter v. Churchville Greene*

*Homeowner's Ass'n*, No. 09-cv-6552 (MWP), 2011 WL 4711961, at *4 (W.D.N.Y. Sept. 29, 2011) ("Rule 16(b), not [Fed. R. Civ. P.] 6(b), applies to scheduling order deadlines."). The deadline for completing discovery is such a date. Fed. R. Civ. P. 16(b)(3)(A). Since Namin's Discovery Motion seeks to extend the deadline for completing discovery from July 1, 2023 to August 1, 2023, it is governed by Rule 16. *See Pal*, 2020 WL 564230, at *3.

Under Rule 16, motions to amend scheduling orders require a showing of "good cause." Fed. R. Civ. P. 16(b)(4); D. Conn. L. Civ. R. 16(b). In this district, the "good cause" standard requires "a particularized showing that the schedule cannot reasonably be met, despite the diligence of the party seeking the modification, for reasons that were not reasonably foreseeable when the parties submitted their proposed case management plan." *Id.*; *see also This, LLC v. Jaccard Corp.*, No. 3:15-cv-1606 (JBA), 2016 WL 11582700, at *1 (D. Conn. Nov. 30, 2016). Put even more simply, "[a] finding of good cause depends on the diligence of the moving party." *Grochowski v. Phoenix Constr.*, 318 F.3d 80, 86 (2d Cir. 2003).

Citing *Kassner v. 2nd Avenue Delicatessen Inc.*, 496 F.3d 229 (2d Cir. 2007), some courts in this Circuit have analyzed additional factors beyond the moving party's diligence. In *Casagrande v. Norm Bloom & Son, LLC*, for example, Judge Haight also considered "(1) the imminence of trial; (2) whether the request is opposed; (3) prejudice to the moving party; (4) whether the moving party foresaw the need for additional discovery, in light of the discovery deadline set by the court; and (5) whether further discovery is likely to lead to relevant evidence." No. 3:11-cv-1918 (CSH), 2014 WL 5817562, at *2 (D. Conn. Nov. 10, 2014). Other courts read *Kassner* to say only that "even where the moving party has been diligent, a court may nonetheless deny a late motion . . . when it would prejudice the non-moving party." *Woodworth v. Erie Ins. Co.*, No. 05-cv-6344 (CJS), 2009 WL 3671930, at *3 (W.D.N.Y. Oct. 29, 2009). These courts do

"not understand . . . *Kassner* to mean that where the moving party has *not been diligent,* a court may nonetheless grant the motion if it would not prejudice the non-moving party." *Id.* (emphasis in original)*; accord Shemendera v. First Niagara Bank N.A.*, 288 F.R.D. 251, 252-53 (W.D.N.Y. 2012). In any event, the movant's diligence is, at a minimum, the "primary" area of inquiry. *Kassner*, 496 F.3d at 244. "[T]he moving party must show why it could not have completed the necessary discovery within the time frame established under the existing scheduling order." *Baburam v. Fed. Express Corp.*, 318 F.R.D. 5, 8 (E.D.N.Y. 2016) (citing *Carlson v. Geneva City Sch. Dist.*, 277 F.R.D. 90 (W.D.N.Y. 2011)).

In this case, Namin seeks additional time to depose additional witnesses and obtain additional documents. (Discovery Motion, at 3.) This is a race discrimination case (*see generally* Am. Compl., ECF No. 18), and he is particularly interested in deposing "a [Broadridge] human resources representative with knowledge of employee demographic information and knowledge of the internal hiring and promotion process regarding the Plaintiff's former department." (*Id.* at 2.) He says that when he asked Broadridge to identify such a person, it offered its Vice President of Human Resources, Jamie Marchand. (*Id.*) Namin noticed Marchand's deposition on June 23, 2023, and conducted the examination on June 28, 2023, but he has several complaints with Marchand's performance; he says that Marchand could not answer many of his questions, did not bring many requested documents, and revealed the existence of a Broadridge "talent acquisition team" that had not been previously disclosed in discovery. (*Id.*; *see also* Depo. Notice, ECF No. 47-1.) In summary, Namin seeks to amend the scheduling order and extend the discovery period so he can take additional depositions and obtain additional documents on this talent acquisition team and its processes, and on the demographic and other subject areas to which Marchand could not knowledgeably testify.

Namin has not shown "good cause" for such an amendment. As noted above, the "good cause standard requires a particularized showing that the schedule [could] not be reasonably met, despite the diligence of the party seeking the modification, for reasons that were not reasonably foreseeable when the parties submitted their proposed case management plan." D. Conn. L. Civ. R. 16(b). Discovery in this case has been open since June 28, 2022. *See* Fed. R. Civ. P. 26(d)(1) (stating that discovery may commence once "the parties have conferred as required by Rule 26(f)"); (Rule 26(f) Rpt., ECF No. 20, at 2) (confirming that the parties held their Rule 26(f) conference on June 28, 2022). Namin evidently conducted no discovery for the first three months. (Discovery Motion, at 1) (stating that plaintiff did not serve his first set of interrogatories and requests for production until October 3, 2022). He did not begin taking depositions until over nine months had gone by. (*Id.* at 1-2) (stating that plaintiff took his first deposition on April 19, 2023). He now says that more time is required to fill the holes in Marchand's knowledge, but he has not explained why this could not have been done within the deadline had he been working more diligently. *See, e.g., Shemendera*, 288 F.R.D. at 253 n.3 (finding no good cause where counsel did "little or nothing to schedule depositions" until shortly before the deadline); *Pal*, 2020 WL 564230, at *4 (denying motion to extend discovery period where movant exhibited a "significant lack of diligence").

Consideration of the additional factors cited in cases like *Casagrande* does not yield a different result. While trial is not imminent, courts have held that this factor does not outweigh a pronounced lack of diligence. *See, e.g., Pal*, 2020 WL 564230, at *4; *Harnage v. Pillai*, No. 3:17-cv-00355 (AWT) (SALM), 2018 WL 2465355, at *6-7 (D. Conn. June 1, 2018) (considering *Casagrande* factors but nevertheless declining to extend discovery period where the movant passed up an "ample opportunity to pursue the evidence during" the existing discovery period).

Moreover, Namin's request is opposed, and he clearly could have foreseen the need for the discovery he now seeks.

Namin argues that Broadridge is responsible for the fact that discovery did not finish by the deadline, but the Court is not persuaded. To begin with, Namin states that Marchand did not bring key documents to his deposition, despite having been requested to do so in the notice. (Discovery Motion at 4.) But in his reply, Namin states that those documents had been previously requested in one of his two sets of requests for production. (Reply, ECF No. 48, at 6.) Under the governing scheduling order, he was required to file a motion to compel within thirty days of receiving a deficient discovery response. (Sched. Order, ECF No. 21, at 3; *see also* Order, ECF No. 26 (denying relief to Broadridge because it did not file a motion to compel within thirty days)). Namin served his second set of requests for production on February 15, 2023, making Broadridge's responsive document production due on March 17, 2023. *See* Fed. R. Civ. P. 34(b)(1). Any deficiencies in that production therefore needed to be either resolved by negotiation or brought to the Court's attention through a motion to compel by April 17, 2023. (Sched. Order, ECF No. 21, at 3.) Leaving the issue unresolved until Marchand's deposition over two months later does not constitute "good cause" for a scheduling order amendment.[1]

Namin also faults Broadridge for producing an unknowledgeable human resources representative in the last days of the discovery period (*see* Reply at 2), but this argument likewise fails to show "good cause" for an amendment. Courts in this district set liberal and lengthy discovery schedules in part to allow the inquiring party time to adjust if the discovery he needs is

---

[1] Moreover, Marchand was not obliged to bring documents to a deposition on five days' notice. *See, e.g., Kalra v. Adler Pollack & Sheehan P.C.*, No. 3:18-cv-260 (KAD) (TOF), 2020 WL 7828790, at *3 (D. Conn. Dec. 31, 2020) ("[R]equests for production of documents made in connection with depositions are governed by Rule 34, which . . . permits 30 days to respond to a production request.") (citation and quotation marks omitted).

not where he expects it. Parties who fail to use the early months of a year-long discovery period, trusting that the discovery will be exactly where they expect it in the last month, do so at their peril. Applied to this case, this means that Namin should have built in time to adjust if Marchand did not have all the information he sought,[2] not seek an amendment with three days left in the discovery schedule. As the *Shemendera* court put it, "the fact that counsel waited until the deadline to seek an extension certainly does not aid his cause." 288 F.R.D. at 253 n.3.

As to the argument that Namin did not learn of the talent acquisition team until the Marchand deposition, Broadridge responds that it disclosed its talent acquisition policy in November of 2022, which "specifically identifies that there is a talent acquisition group and a vice president of talent acquisition." (ECF No. 47, at 4.) This document does state that there is a Vice President of "Talent Management & Acquisition," and it does reference a "Talent Acquisition Team." (ECF No. 48-1, at 1-3.) On the record before the Court, it appears that Namin could have known about this team earlier, and he could have sought to depose someone from this department months before he deposed Marchand.

In sum, the movant's diligence is the "primary inquiry," *Kassner*, 496 F.3d at 244, and Namin has failed to demonstrate diligence. His motion for extension of time, which the Court construes as a motion to amend the scheduling order, is denied accordingly.

**2. The Sur-Reply Motion**

Because the underlying Discovery Motion is denied, Broadridge's Sur-Reply Motion is denied as moot. *See This, LLC v. Jaccard Corp.*, 2016 WL 11582700, at *5 (denying motion to

---

[2] The Court notes that Marchand's deposition was not noticed under Rule 30(b)(6) (*see* ECF No. 47-1), and accordingly she was not under an obligation to present the corporation's complete knowledge on the listed topics. *See* Fed. R. Civ. P. 30(b)(6) (stating that, if inquiring party wishes to discover by deposition the "information known or reasonably available to the organization," it "may name" the "corporation" as "the deponent").

strike reply or file a sur-reply where court denied underlying motion to modify scheduling order); *Croom v. W. Connecticut State Univ.*, 218 F.R.D. 15, 18 (D. Conn. 2002) (denying motion for leave to file sur-reply as moot where underlying motion denied).

The Court nonetheless reminds Broadridge of Local Rule 7(d), which states that no "sur-replies may be filed without permission of the Court[.]" D. Conn. L. Civ. R. 7(d). The gambit of filing a "proposed sur-reply" as an attachment or exhibit to a motion for leave to sur-reply is plainly not permitted under this rule. *See, e.g., Baerga v. City of Hartford*, No. 3:22-cv-811 (SVN), 2022 WL 16856097, at *3 (D. Conn. Nov. 10, 2022) (noting that "Plaintiff appears to have evaded the spirit of this rule by filing the proposed [sur-reply] brief simultaneously with the motion for leave to file such a brief"). Thus, the Court has not reviewed the proposed sur-reply brief. *Encompass Advisors, Ltd. v. Unapen, Inc.*, No. 3:09-cv-1949 (DFM), 2013 WL 6331157, at *1 (D. Conn. Dec. 5, 2013) ("Plaintiff did not seek leave to file the sur-reply, and the court has not considered it."); *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, 341 F.R.D. 474, 499 (S.D.N.Y. 2022) (declining to consider "what is, in effect, an unauthorized sur-reply").

### 3. Conclusion and Order

For the foregoing reasons, the plaintiff's "Motion for Extension of Time to Complete Discovery" (ECF No. 45) is **DENIED**. The defendant's "Request for Permission to File a Surreply" (ECF No. 49) is **DENIED** as moot.

This is not a recommended ruling. It is a ruling by a Magistrate Judge on "nondispositive motions," D. Conn. L. Civ. R. 72.1(C)(2), and as such it is reviewable pursuant to the "clearly erroneous or contrary to law" statutory standard of review. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Conn. L. Civ. R. 72.2(b). It is an order of the Court unless reversed or modified upon timely objection under Local Rule 72.2(a).

                                                     */s/ Thomas O. Farrish*
                                                     Thomas O. Farrish
                                            United States Magistrate Judge